No. 665

NORTH. OHIO TRAC. CO. v. EVANS, Admx.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5562. Decided March 16, 1925

677. JUDGMENTS — 1. Interest thereon accrues from first day of term at which it was rendered, except where action is begun at same term in which judgment was rendered, or where there is a judgment by confession.

2. Interest computed from first day of the term and not from date of rendition.

SULLIVAN, J.

In the Cuyahoga Common Pleas, Norah Evans, administratrix, recovered a judgment from the Northern Ohio Traction & Light Co. for $17,500. The basis of the action was the wrongful death of one, Clarence Evans, killed as a result of a collision between an automo-

bile in which he was riding and an interurban passenger car owned and operated by the Traction Co.

There was paid to said administratrix $17,-517.52 the surplus sum over the judgment being interest from the date judgment was rendered, Dec. 20, 1922 to the date when it was paid, Dec. 26, 1922.

The case was taken up on appeal to the Court of Appeals by the Traction Co. for the purpose of preventing a levy for the difference in interest from the first day of the term in which judgment was rendered to the date of payment. In other words, the question involved was whether interest accrued from the first day of the term, instead of from the date upon which judgment was rendered, a period of about four months.

The injunction of the Traction Co. set forth that "unless defendant be restrained and enjoined by order of the court, she will attempt by execution and levy or otherwise, to require and compel plaintiff to pay her interest on her judgment from the first day of the term at which it was rendered etc." The Court held:

1. Under 11656 GC. judgments by confession and judgments rendered at the same term at which the action is begun are the only exceptions to the statute which provides that lands and tenements within the county where judgment is entered shall be bound for its satisfaction from the first day of the term at which it is rendered.

2. The action in the instant case having been begun prior to the commencement of the term at which judgment was rendered, does not come within the exception.

3. Inasmuch as there is statutory authority for interest, 8305 GC., interest is born the moment of default on the part of the judgment debtor.

4. If the judgment were to bear interest only from the date of the verdict then there would be a lapse of interest between the first day of the term and the date of the rendition of the judgment, because juries are universally instructed to figure interest only until the first day of the term.

5. The defendant administratrix is entitled to a decree in her favor against the Traction Co., and the motion for judgment on the pleadings by it is hereby denied.

Attorneys—Day & Day for Traction Co.; Howell Roberts & Duncan for Evans; all of Cleveland.